See also D.C., 287 F.Supp. 954.

**Bobby Joe MUSE, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–54–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

July 12, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding is before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Bobby Joe Muse, a prisoner of the State of Virginia pursuant to the provisions of 28 U.S. C.A. § 2241.

Petitioner is presently serving a ten (10) year sentence following his conviction on November 18, 1966, in the Hustings Court of the City of Roanoke, Virginia for robbery by violence.

Petitioner did not appeal his trial court conviction, but did subsequently petition the state court for a writ of habeas corpus on January 3, 1967. Upon denial of the writ of habeas corpus by the state trial court, petitioner appealed to the Virginia Supreme Court of Appeals, the grounds being the same as now presented by petitioner to this court. The Virginia Supreme Court of Appeals denied the writ of error and

refused petitioner a writ of habeas corpus. In accord with Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the court finds that petitioner has exhausted his state remedies in compliance with 28 U.S.C.A. § 2254 and is properly before the court.

Petitioner's only complaint is that he was denied the right of appeal.

Petitioner testified in his habeas corpus hearing held by the Roanoke Hustings Court on July 18, 1967, that his court appointed attorney in the trial for robbery, Mr. Alton B. Prillaman, failed to advise petitioner of his right to appeal after the trial. Petitioner introduced into evidence at the habeas corpus hearing a letter written by petitioner and mailed on December 21, 1966, to Mr. Prillaman requesting him to "get some of my (petitioner's) time suspended" and informing Mr. Prillaman that "I (petitioner) am going to file a writ of habeas corpus". Exhibit A. Petitioner also introduced two more letters in evidence written by Mr. Prillaman to petitioner on December 27, 1966 and December 30, 1966, respectively. The December 27th letter advised petitioner in part:

> At the conclusion of your trial, you were advised that in my opinion you had sufficient error in the record of your trial to petition for a writ of error from the Supreme Court of Appeals in Virginia  You did not at that time desire such an appeal and now twenty-one (21) days have lapsed and we are unable to petition for a writ of error. Exhibit B.

But in the December 30th letter, Mr. Prillaman corrected his error as to the time limit for appeal as follows:

> As I have advised you, it is too late to suspend any of the punishment imposed upon you at your trial; however, it is not too late to appeal. If you wish your case appealed, notify me immediately. Exhibit C.

Petitioner argues that the letters from Mr. Prillaman confuses him and led him to believe that he could no longer appeal his case when in fact he had until January 17, 1967, to file a notice of appeal and assignments of error.

The court finds petitioner's allegations to be frivolous and without merit. Petitioner was not denied the right to appeal. Mr. Prillaman testified in the habeas corpus hearing in detail about advising petitioner immediately following the robbery trial of the right to appeal. Even petitioner admitted that Mr. Prillaman talked to him after the trial and told him "that it wasn't over with or something." Habeas Corpus Hearing transcript, p. 18. Mr. Prillaman again in the December 30th letter to petitioner advised petitioner, "it is not too late to appeal." Mr. Prillaman also told petitioner in this letter, "If you wish your case appealed, notify me immediately." Petitioner never notified Mr. Prillaman of any desire to appeal, either immediately after the trial or after the December 30th letter. The court finds that petitioner's court appointed counsel advised petitioner that he could appeal the convictions and offered to do so but at no time did petitioner indicate either to the trial court or to his attorney any desire to appeal. Rather, petitioner before writing Mr. Prillaman on December 21, 1966, had decided to use the procedure of habeas corpus, as shown by the letter, and filed his petition for a writ of habeas corpus on January 5, 1967, even though he still had time to appeal. Petitioner was not misled by Mr. Prillaman's December 27th letter because petitioner had already decided to file a petition for a writ of habeas corpus before he received this letter and was not interested in appealing his case.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, the court feels that petitioner's allegation is without merit. Nothing would be gained by a further hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be and hereby is denied.