**Bobby Joe MUSE, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–74–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Aug. 7, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus filed *in forma pauperis* by Bobby Joe Muse, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241.

Petitioner is presently serving a ten (10) year sentence following his conviction on November 18, 1966, in the Hustings Court of the City of Roanoke, Virginia for robbery by violence.

Petitioner did not appeal his trial court conviction but did subsequently petition the state court for a writ of habeas corpus on January 3, 1967. A plenary hearing was held on July 19, 1967, in the Hustings Court of the City of Roanoke. Petitioner was represented by court appointed counsel. After hearing all the evidence, the court denied the writ by an order dated July 28, 1967. Petitioner then appealed to the Virginia Supreme Court of Appeals, and on April 24, 1968 the writ of error was denied and the writ of habeas corpus refused.

A petition for a writ of habeas corpus was filed in this court June 5, 1968, alleging the single claim that the petitioner was denied the right of appeal. On July 12, 1968, this court, 287 F.Supp. 955, dismissed the petition and denied the writ on the grounds that the allegation was frivolous and without merit.

The petition, now being considered, was ordered filed by this court on July 31, 1968. Petitioner claims that the trial court erred in admitting into evi-

dence the testimony of Larry Childs, whom he alleges was an accomplice in the crime. This claim has never been before the state courts since the petition for a writ of habeas corpus in the state courts, which was amended and to which all the evidence was directed, was limited to the claim that petitioner was denied the right of appeal. We, therefore, do not think that this claim is properly before this court since petitioner has not exhausted his state remedies in compliance with the provisions of 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

It is therefore adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.